```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL Docket No. 2004 |
| | | 4:08-MD-2004 (CDL) |
| TRANSOBTURATOR SLING PRODUCTS | * | |
| | | Case No. |
| LIABILITY LITIGATION | * | 4:13-cv-478 (Waters) |

O R D E R

Plaintiff Lillie Waters alleges that she suffered injuries that were proximately caused by defects in Defendant Mentor Worldwide LLC's suburethral sling product, ObTape Transobturator Tape. Waters also asserts that she suffered injuries because Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor seeks summary judgment on several grounds, including lack of proof of causation; Waters did not disclose a specific causation expert to opine that her injuries were caused by defects in ObTape or a failure to warn. *See* Lewis Decl. ¶ 8, ECF No. 32-3 in 4:13-cv-478 ("Plaintiff has not served Mentor with an expert report.").

Once Mentor showed that Waters could not produce admissible evidence to establish specific causation, Waters had the burden to point to some evidence to create a genuine fact dispute on specific causation. *See* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by citing to particular parts of materials in the

record[.]"). Waters did not respond to Mentor's summary judgment motion. Thus, she did not point to any evidence to establish specific causation. Without such evidence, all of Waters's claims fail. *See, e.g., Trice v. Oakland Dev. Ltd. P'ship*, No. 278392, 2008 WL 7488023, at *11 (Mich. Ct. App. Dec. 16, 2008) ("[T]o prove causation in a toxic tort case, the plaintiff must show (1) that the alleged toxin was capable of causing injuries like those suffered by the plaintiff (general causation) and (2) that the toxin was the cause of the plaintiff's injury (specific causation)." (footnote omitted)).[1] Mentor's summary judgment motion (ECF No. 32 in 4:13-cv-478) is therefore granted.

IT IS SO ORDERED, this 2nd day of September, 2016.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] Waters is a Michigan resident whose ObTape-related treatment occurred in Michigan, and she filed her complaint in this Court. Michigan law therefore applies to Waters's claims.